[No. 38657-7-II. Division Two. March 29, 2011.]

THE CITY OF LAKEWOOD, *Respondent*, v. DAVID KOENIG, *Petitioner*.

*William J. Crittenden*, for petitioner.

*Heidi Ann Wachter, City Attorney*, and *Matthew S. Kaser, Assistant*, for respondent.

*Michele Lynn Earl-Hubbard, David M. Norman*, and *Christopher Roslaniec* on behalf of Allied Daily Newspapers of Washington, Washington Newspaper Publishers Association, The Tacoma News-Tribune, The Tri-City Herald, The Wenatchee World, and The Washington Coalition for Open Government, amici curiae.

¶1 WORSWICK, A.C.J. — David Koenig appeals the trial court's order compelling discovery. He argues that an agency is not entitled to discovery under the Public Records Act (PRA), chapter 42.56 RCW, and that if an agency is entitled to discovery, the city of Lakewood's (City) discovery was not reasonably calculated to lead to the discovery of admissible relevant evidence. We hold that, although an agency is entitled to discovery under the PRA, the interrogatory and request for production at issue were not reasonably calcu-

lated to lead to the discovery of admissible evidence. Finally, because Koenig did not substantially prevail and because no court has found that the City violated the PRA, we deny his request for attorney fees. Accordingly, we vacate the trial court's order compelling discovery, affirm in part, reverse in part, and remand.

## FACTS

¶2 In October 2007, David Koenig requested information from the City and the Lakewood Police Department in connection with investigations into alleged wrongdoing by three police officers on various occasions. The City complied on November 30, but it redacted the driver's license numbers of the officers, victims, and eyewitnesses under several provisions of chapter 46.52 RCW and chapter 42.56 RCW.[1]

¶3 In a letter explaining the redactions, the City informed Koenig that it believed that its response was adequate, but it gave Koenig until the close of business on December 21 to notify the City whether the responses satisfied his requests. If Koenig did not respond, the City was prepared to take "appropriate legal action to determine that it has fully complied with each of these requests." Clerk's Papers (CP) at 101. Koenig did not respond.

¶4 On March 5, 2008, the City sought declaratory relief that it had fully satisfied its obligations to Koenig under the PRA.[2] On May 13, the City served Koenig with interrogatories and requests for production. Only interroga-

---

[1] The City redacted other information, but Koenig did not litigate those redactions. As such, the only issue is whether the City properly withheld driver's license numbers.

[2] Amici argue that we should remand because an agency may not seek declaratory relief, only an injunction under the PRA. But, as Koenig acknowledged at the trial court, an agency facing a PRA request may seek declaratory relief to determine if an exemption applies. *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 752, 174 P.3d 60 (2007). The remedy is an injunction. *Soter*, 162 Wn.2d at 752. Koenig did not assign error to any finding below or challenge the City's ability to bring a suit for declaratory relief. Where parties raise issues to the trial court but fail to continue to press those arguments on appeal, relying instead on amici to so argue, we consider the arguments abandoned and do not address them. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 749 n.12, 218 P.3d 196 (2009).

tory 6 and request for production 1 are at issue in this appeal. Interrogatory 6 requested information about any lawsuit to which Koenig had been a party in the past 10 years, including bankruptcy and/or divorce proceedings.[3] Request for production 1 requested copies of any settlements or favorable judgments from the litigation identified in interrogatory 6.

¶5 Koenig objected to several interrogatories as irrelevant and did not answer them.[4] Koenig stated that none of the City's discovery requests related to the question of whether driver's license numbers are exempt for the reasons asserted and that the City should first obtain a ruling on that issue before proceeding with discovery.[5] Koenig also argued that the interrogatories were irrelevant because the City could not consider his identity when complying with the PRA.

¶6 On November 13, the City filed a motion to compel, asking the court to direct Koenig to respond to request for

In addition, amici raises many arguments that Koenig never raised, such as whether a justiciable controversy or harm exists that would permit an agency to bring a declaratory judgment action. The case must be made by the parties, and its course and issues involved cannot be changed or added to by friends of the court. *Bldg. Indus. Ass'n*, 152 Wn. App. at 749 n.12. We decline to address issues raised only by amici. *Bldg. Indus. Ass'n*, 152 Wn. App. at 749 n.12; *see also* RAP 9.12 (limiting our review to issues brought to the trial court's attention). Amici's issues are their own and do not appear in the parties' briefing. Accordingly we decline to address amici's arguments.

[3] Interrogatory 6 requested:

Have you been a party to any lawsuits, including bankruptcy and/or divorce proceedings, in the past ten years? If so, provide:
a.   a description of the nature of lawsuit;
b.   the names of parties (or case name);
c.   the court and cause number;
d.   the name of the attorney representing you;
e.   the name of any insurance company involved; and
f.   the outcome of lawsuit.
CP at 106.

[4] To avoid any argument that Koenig was causing a delay to increase his daily penalty, he waived any PRA penalties from June 12, 2008, until the discovery matter is settled.

[5] The City later withdrew several interrogatories, and Koenig appears to have answered the remaining interrogatories to the City's satisfaction.

production 1 and interrogatory 6. The City conceded that, although this information was not relevant to whether it violated the PRA, the information would become "highly relevant" as to the amount of penalties that may be imposed. CP at 23. The City argued that the per-day penalty amount would primarily be based on the City's good faith or bad faith, so its conduct could not be considered without measuring it against Koenig's conduct. The City argued that Koenig is a professional records requester who does not care about the underlying records, but who is instead concerned with "maximiz[ing] the amount of profit he can generate by delaying the commencement of suit." CP at 23. The City wanted Koenig's litigation history to support its argument for low-end penalties, should any penalties be imposed.

¶7 Koenig responded and brought a cross motion for a protective order. Koenig argued that the City's discovery requests were burdensome and had no relevance to whether the City properly redacted the driver's license numbers. He requested that the trial court quash interrogatory 6 and request for production 1.[6] Koenig contended that the PRA did not authorize an agency to submit discovery requests to a records requester. In the alternative, Koenig argued that the trial court should deny the City's discovery requests because they were not reasonably calculated to lead to the discovery of admissible material or because discovery was premature.

¶8 The trial court found that the City's discovery was not overly burdensome, that Koenig had not identified any potential privilege that would prohibit him from answering, and that the discovery could lead to admissible evidence on the issue of potential economic loss. The trial court granted the City's motion to compel and directed Koenig to answer interrogatory 6 and request for production 1.

---

[6] Koenig also requested that the trial court quash interrogatory 5, which requested Koenig's criminal history for the past 10 years. The trial court does not appear to have compelled Koenig to answer this interrogatory. As such, interrogatory 5 is not before us.

¶9 A commissioner of this court granted Koenig's motion for discretionary review and stayed the trial court's order pending appeal. We stayed Koenig's appeal pending the Supreme Court's opinion in *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 229 P.3d 735 (2010) (*Yousoufian* V). In April 2010, we lifted the stay.

## ANALYSIS

### DISCOVERY

### A. An Agency Is Entitled to Discovery under CR 26

¶10 First, Koenig argues that the trial court abused its discretion in granting the City's motion to compel because the PRA does not authorize an agency to submit discovery requests to a records requester. He insists that agencies do not need discovery to determine whether an exemption applies to the requested records and that his personal information is irrelevant because the City cannot consider his identity or the purpose of his request. The City argues that our Supreme Court has already stated that the Rules of Civil Procedure apply in PRA cases, thus this issue is settled. We agree with the City.

¶11 The Rules of Civil Procedure apply in a PRA action. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 105, 117 P.3d 1117 (2005). As the court explained, the civil rules govern the procedure in the superior court in all suits of a civil nature with the exceptions stated in CR 81. *Spokane Research*, 155 Wn.2d at 104 (quoting CR 1). There is only one form of a civil action. *Spokane Research*, 155 Wn.2d at 104 (citing CR 2). CR 81 states that the civil rules govern all civil proceedings except where inconsistent with the rules or statutes applicable to special proceedings. *Spokane Research*, 155 Wn.2d at 104 (quoting CR 81(a)). Special proceedings are detailed in the statutes and include garnishment, unlawful detainer, and sexually violent predator proceedings. *Spokane Research*, 155 Wn.2d at 104.

¶12 The court went on to explain that

> [a] of these proceedings are statutorily defined, whereas
> actions under the [Public Disclosure Act (PDA)[7]] are not. The
> statute simply does not define a special proceeding exclusive of
> all others. When a statute is silent on a particular issue, the
> civil rules govern the procedure. Thus, normal civil procedures
> are an appropriate method to prosecute a claim under the
> liberally construed PDA.

*Spokane Research*, 155 Wn.2d at 105 (citation omitted).

¶13 Although *Spokane Research* states that the
civil rules are an appropriate method to *prosecute* a PRA
claim, there is no authority in the civil rules to limit their
application to plaintiffs. CR 26(a), for example, permits
"[p]arties" to obtain discovery under the civil rules. Accordingly, we hold under the PRA, that an agency is entitled to
obtain discovery under the civil rules.

¶14 We note that our holding is also consistent with
federal interpretation of the Freedom of Information Act
(FOIA), 5 U.S.C. § 552, and the Federal Rules of Civil
Procedure.[8] In *Weisberg v. Webster*,[9] the court held that
nothing in FOIA limited discovery to one party. As the court
reasoned:

> The government should be able to use the discovery rules in
> FOIA suits like any other litigant, to uncover facts which will
> enable it to meet its burden of proving either the adequacy of
> its search or the exempt status of requested documents. [The
> government will not] be permitted to use discovery to frustrate
> the purposes of the FOIA. Discovery must be relevant to the
> subject matter involved in the pending action, and in the usual

---

[7] At the time of *Spokane Research*, the PRA was called the Public Disclosure Act
and was codified at chapter 42.17 RCW. Former ch. 42.17 RCW (2002). Effective
July 1, 2006, the act was renamed and recodified as chapter 42.56 RCW. LAWS OF
2005, ch. 274, §§ 102, 502. The current and former statutes remain silent as to
whether the PRA is a special proceeding. *See* ch. 42.56 RCW.

[8] The PRA closely parallels FOIA; thus, where appropriate, Washington courts
look to judicial interpretations of FOIA in construing the PRA. *Hearst Corp. v.
Hoppe*, 90 Wn.2d 123, 128, 580 P.2d 246 (1978).

[9] 242 U.S. App. D.C. 186, 749 F.2d 864, 868 (1984).

FOIA case, the government will be in possession of all such evidence.

*Weisberg*, 749 F.2d at 868 (footnote omitted).

¶15 Though agencies could try to use discovery to "bludgeon" requesters as Koenig claims, there are several protections to prevent such harm. Br. of Appellant at 1. An agency's discovery request must be relevant to the subject matter involved in the pending action. CR 26(b). If an agency makes improper discovery demands, a requester could seek a protective order under CR 26(c). A trial court may also, sua sponte, act to limit abusive discovery. CR 26(b). In addition, an agency's misuse of discovery would only increase a requester's attorney fees should the requester prevail. *See* RCW 42.56.550(4) ("Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record . . . shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action."). An agency would abuse the discovery process at its own peril.

¶16 In addition, permitting discovery does not violate the PRA's prohibition on considering a requester's identity when answering a public records request, as Koenig repeatedly asserts. An agency may not distinguish among persons requesting records. RCW 42.56.080. To violate RCW 42.56-.080, then, the agency must use the requester's identity to deny access to records. So long as the agency does not request discovery for that purpose, RCW 42.56.080 is not violated.

## B. City's Discovery Not Reasonably Calculated To Lead to Discovery of Admissible Evidence

¶17 Koenig also argues that if the City had authority to request discovery, the request was not reasonably calculated to lead to the discovery of admissible relevant evidence. We agree.

¶18 A party may obtain discovery on any matter, not privileged, that is relevant to the subject matter of the

pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. CR 26(b)(1). The requested discovery must be reasonably calculated to lead to the discovery of admissible evidence. CR 26(b)(1). A party, upon reasonable notice to other parties and upon showing compliance with CR 26(i), may apply for an order compelling discovery. CR 37(a). The decision to grant or deny a motion to compel is within the sound discretion of the trial court, and we will not disturb a trial court's discovery decision absent a manifest abuse of discretion. *Clarke v. Office of Attorney Gen.*, 133 Wn. App. 767, 777, 138 P.3d 144 (2006), *review denied*, 160 Wn.2d 1006 (2007).

¶19 Determining a PRA penalty involves two steps: (1) determining the number of days the requester was denied access and (2) determining the appropriate per-day penalty between $5 and $100, depending on the agency's actions. *Yousoufian V*, 168 Wn.2d at 459. The trial court may consider a number of mitigating and aggravating factors in setting the penalty amount, including a PRA requester's foreseeable economic loss. *Yousoufian V*, 168 Wn.2d at 461-62, 467-68. Further, a defendant may obtain discovery on damages even when the plaintiff has not specified what damages he or she seeks. *Clarke*, 133 Wn. App. at 778. The defendant is entitled to anticipate what the plaintiff is likely to claim as damages. *Clarke*, 133 Wn. App. at 778 (defendant could discover plaintiff's tax returns, even though plaintiff had not specified damages, because State could anticipate that it was likely she would claim lost wages; earnings were relevant to that issue).

¶20 Here, the trial court found the City's discovery request was proper because it was reasonably likely to lead to information on Koenig's economic loss. Specifically, the trial court found that whether Koenig had assigned any claims to a bankruptcy trustee would go to economic loss and would be relevant to whether he was entitled to attorney fees. In addition, the trial court reasoned that if Koenig were married at the time he submitted the PRA

claim, his claim could be subject to community property laws.

¶21 Initially, Koenig argued that a trial court could not consider a requester's economic loss and encouraged us to ignore, as dicta, statements in several Court of Appeals cases that a requester's economic loss is relevant when determining penalties. After Koenig filed his appellate brief, our Supreme Court filed *Yousoufian* V, in which it held that a requester's foreseeable economic loss is an aggravating factor the trial court may consider when setting the per-day penalty. *Yousoufian* V, 168 Wn.2d at 461. The court held that the factor may relate to an agency's culpability and, thus, is an appropriate factor, where the agency has knowledge that its misconduct may potentially cause economic loss to the requester. *Yousoufian* V, 168 Wn.2d at 461 n.8. Koenig now argues that because economic loss is relevant only to increase the penalty, "the limited role of economic loss under *Yousoufian V* [sic] does not allow an agency to conduct discovery into the purpose of a request." Suppl. Br. of Appellant at 6. We do not reach Koenig's argument because we agree that the City's discovery request in this case does not meet the requirements of CR 26.

¶22 Koenig's litigation history would not demonstrate economic loss or the lack thereof. While no PRA case defines "economic loss," *Black's Law Dictionary* defines the term as "[a] monetary loss such as lost wages or lost profits." BLACK'S LAW DICTIONARY 589 (9th ed. 2009). The City's discovery request is proper, then, if it is reasonably likely to lead to admissible evidence that, by failing to comply with the PRA, the City foreseeably caused Koenig some monetary loss based on his prior litigation history. There is no such showing in this record.

¶23 In evaluating economic loss, the emphasis is on what the City knew and how the City's actions impacted the requester. For example, an agency's delay might deny a contractor the opportunity to place a bid, thus causing the requester a measurable economic loss. Instead of focusing

on the City's actions, the trial court's reasoning here focuses on how Koenig's prior litigation history might have affected his economic standing. The requester's litigation history and socioeconomic status are not the relevant considerations. The City puts forth no argument explaining how its refusal to disclose the driver's license numbers did or did not cause Koenig a measurable economic loss relating to some prior judgment against Koenig.

¶24 Koenig also argues that his litigation history is irrelevant because any claimed delay is irrelevant. We agree. The City originally sought Koenig's litigation history to use his alleged history of bad faith lawsuits to reduce any penalty. Particularly, the City wanted to show that Koenig regularly delayed filing a lawsuit until the final day of the PRA's statute of limitations period as a way of maximizing his penalty award. The City continues this argument here.

¶25 A trial court may not reduce the penalty period under the PRA even if it finds that the requester could have achieved the disclosure of the records in a more timely fashion. *Yousoufian v. Office of King County Exec.*, 152 Wn.2d 421, 437, 98 P.3d 463 (2004) (*Yousoufian* II). As long as Koenig acted within the statute of limitations, we are not concerned with when he brings a PRA lawsuit. *Yousoufian* II, 152 Wn.2d at 437.[10] Finally, any delay is not relevant to setting the penalty amount against the City because, as Koenig notes, the City filed a declaratory judgment action. The City forced Koenig into court on its own time schedule. As such, Koenig had no opportunity for any delay tactics that the City alleges he undertook in prior cases. Any delay Koenig may have made in prior cases is not relevant here.

¶26 The trial court abused its discretion in granting the City's motion to compel. Accordingly, we vacate the order to compel discovery and remand to the trial court.

---

[10] The City points to *Cobb v. Snohomish County*, 86 Wn. App. 223, 236, 935 P.2d 1384 (1997), *review denied*, 134 Wn.2d 1003 (1998), to argue that a party's litigation history is relevant and discoverable. But in *Cobb*, the parties' prior litigation was relevant as to whether it was reasonable to not make the disputed payments. *Cobb*, 86 Wn. App. at 236. Here, the City has failed to demonstrate any reasonableness or relevance to its request. All manner of evidence may be relevant and discoverable based on the particular facts of a case; that does not mean that a certain class of information is automatically discoverable in an unrelated case.

## Attorney Fees

¶27 Finally, Koenig requests attorney fees on appeal under RAP 18.1 and RCW 42.56.550(4). The City objects to attorney fees, arguing that he has not yet prevailed on the merits of his PRA claim. We agree with the City.

¶28 If applicable law grants to a party the right to recover attorney fees or expenses before us, the party must request fees or expenses in a section of its opening brief. RAP 18.1(a), (b). If a specific statute applies, the request may be directed to the trial court. RAP 18.1(a).

¶29 As the Supreme Court explained in *O'Neill v. City of Shoreline*,[11] attorney fees in a PRA case "should be granted only when documents are disclosed to a prevailing party, [but] where further fact finding is necessary to determine whether the PRA was violated, the question of attorney fees should be remanded to the trial court." 170 Wn.2d 138, 152, 240 P.3d 1149 (2010). There, the Supreme Court reversed the Court of Appeals grant of attorney fees because the appeals court did not "find that the City violated the PRA." *O'Neill*, 170 Wn.2d at 154.

¶30 Similarly here, no court has held that the City violated the PRA. Instead, at this point the courts have been confronted only with a discovery dispute. Upon remand to the trial court, the trial court will determine whether the City properly redacted the driver's license numbers. Awarding costs and attorney fees is premature.

¶31 Koenig, citing *Spokane Research*, argues that it is not necessary to cause disclosure of records in order to obtain attorney fees. He misreads *Spokane Research*. In *Spokane Research*, the agency was forced to release records by a court order in a separate case, and not by the plaintiff's case. *Spokane Research*, 155 Wn.2d at 103. The trial court denied attorney fees because the requester's action was not the cause of disclosure. *Spokane Research*, 155 Wn.2d at

---

[11] *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 240 P.3d 1149 (2010).

102-03. On appeal, the court held that this was error because otherwise an agency could disclose records after a lawsuit was filed and then claim it was not liable for fees. *Spokane Research*, 155 Wn.2d at 103. The court noted that the requester had not yet had a court review the documents and determine if the city properly withheld them. *Spokane Research*, 155 Wn.2d at 103. Notably, the court held that if the requester prevails on that point, "he is entitled to fees and penalties even if his action did not cause the disclosure." *Spokane Research*, 155 Wn.2d at 103.

¶32 Thus, disclosure is a necessary prerequisite for attorney fees in a PRA case. No trial court has ordered disclosure of any of the driver's license numbers at this point, and there is no evidence that the City has voluntarily disclosed the driver's license numbers. Koenig is not entitled to attorney fees under RCW 42.56.550(4) at this time.

¶33 Furthermore, Koenig is not entitled to attorney fees and costs on any other ground because he has not substantially prevailed. We may award statutory attorney fees under RCW 4.84.030 if Koenig had substantially prevailed. RAP 14.2; *Day v. Santorsola*, 118 Wn. App. 746, 770-71, 76 P.3d 1190 (2003), *review denied*, 151 Wn.2d 1018 (2004). Generally, the prevailing party is the party who receives an affirmative judgment in his or her favor. *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997). But if neither party wholly prevails, " 'then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties.' " *Day*, 118 Wn. App. at 770 (quoting *Riss*, 131 Wn.2d at 633). But if both parties prevail on major issues, an attorney fee award is not appropriate. *Am. Nursery Prods. Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35, 797 P.2d 477 (1990).

¶34 Here, the City prevailed on the issue of whether it is entitled to discovery, while Koenig prevailed on the issue of whether the discovery request was improper. Both parties have prevailed on a major issue. Koenig is not entitled to attorney fees as the prevailing party. *See Sardam v.*

*Morford*, 51 Wn. App. 908, 911-12, 756 P.2d 174 (1988) (no prevailing party attorney fees where each party successfully defended against a major claim by the other).

¶35 We hold that, although an agency is entitled to discovery under the civil rules, interrogatory 6 and request for production 1 were not reasonably calculated to lead to the discovery of admissible evidence. We deny Koenig's attorney fees as premature and because he has not substantially prevailed. We vacate the order compelling discovery, affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

HARTMAN, J. PRO TEM., concurs.

¶36 QUINN-BRINTNALL, J. (concurring in part and dissenting in part) — I agree with the majority holding that the city of Lakewood (City) is entitled to engage in discovery under the civil rules and that interrogatory 6 and request for production 1 were not reasonably calculated to lead to the discovery of admissible evidence. I write separately to express my view that David Koenig's attorney fees request for the discovery violation should be analyzed separately from any prevailing party determination under the Public Records Act (PRA), ch. 42.56 RCW. Koenig did not initiate court action to enforce his PRA request. Rather, the City filed a declaratory judgment action to clarify the limits of its response to Koenig's PRA request. The City then made discovery demands not reasonably calculated to lead to the discovery of admissible evidence in its declaratory judgment action.

¶37 In my opinion, Koenig is entitled to attorney fees for successfully resisting the City's improper discovery requests in an action it commenced. CR 26(c) and CR 37(a)(4) require the trial court to award attorney fees and costs incurred in seeking a protective order and responding to an unsuccessful motion to compel discovery. Specifically, CR 26(c) authorizes the court to make "any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and expressly triggers the application of CR 37(a)(4):

[T]he court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion [to compel discovery] or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

¶38 In light of our reversal of the trial court's discovery decisions, I would remand to the trial court with directions that it address whether Koenig is entitled to attorney fees under CR 37 independent of whether he prevails in some future action under the PRA. *See Eugster v. City of Spokane*, 121 Wn. App. 799, 815-16, 91 P.3d 117 (2004), *review denied*, 153 Wn.2d 1012 (2005). Had the trial court properly denied the City's motion to compel and granted Koenig's motion for a protective order, Koenig would have been entitled to reasonable expenses incurred in obtaining the order. Neither CR 26 nor CR 37 requires Koenig to expressly request those expenses, and the record does not indicate that he waived his right to them.

¶39 Accordingly, I would remand the case to the trial court for a hearing on the amount of reasonable expenses, if any, including attorney fees, due to Koenig for having to defend against the City's improper discovery request in the declaratory judgment action it filed.

Reconsideration denied April 20, 2011.