# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Estate of:<br><br>MARGUERITE SAMMANN,<br><br>           Deceased. | No. 83355-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, C.J. — Nadene Sammann appeals several trial court orders concerning the closing of the estate of her mother, Marguerite Sammann (the Estate). The primary focus of her appeal is an order appointing a commissioner to execute real property documents on Nadene's[1] behalf in accordance with the provisions of an agreed order dated September 17, 2019. Nadene's appeal consists of dozens of assignments of error, none of which have any basis in fact or law. Accordingly, we affirm.

## FACTS

Marguerite Sammann died testate in April 2017. Her will named Nadene—the sole beneficiary of the Estate—as personal representative. Nadene filed a petition to probate the will in King County Superior Court under cause number 17-4-03288-1 SEA. In July 2017, the estate of Robert White (White Estate), Marguerite's brother, filed a creditor's claim against the Estate for $150,935.57,

---

[1] Marguerite and Nadene Sammann are referred to by their first names to avoid confusion. No disrespect is intended.

Citations and pin cites are based on the Westlaw online version of the cited material.

based on judgments the White Estate had obtained against Marguerite and Nadene. Nadene rejected the creditor's claim, and in response, Anna Armstrong, personal representative of the White Estate, petitioned to remove Nadene as personal representative of the Estate. The trial court approved the petition in October 2017, finding that Nadene had "misrepresented the solvency status of the estate and failed to disclose the judgments which are described in this petition." It appointed Barbara Coster as successor administrator of the Estate.

Armstrong then filed suit against the Estate on the White Estate's creditor claim in King County Superior Court under cause number 17-2-23380-3 SEA. In February 2018, the trial court granted summary judgment in favor of the White Estate, entering judgment for $160,839.79 and postjudgment interest at the rate of 12 percent per annum.

The primary asset of the Estate is a piece of residential property in northeast Seattle where Marguerite and Nadene resided and where Nadene continued to reside following her mother's death. Marguerite and Nadene had taken steps to cloud title to the property by executing several quit claim deeds and trust documents between 1986 and 2003. On August 30, 2019, in an attempt to clear title to the property and close the Estate, Coster petitioned the court for an order authorizing the execution of a quit claim deed transferring any interest that the Estate may have to Nadene. Armstrong, on behalf of the White Estate, objected to the petition and asked the court to order Coster to quit claim the property to the White Estate for $5,000.

The parties, including Nadene, resolved the dispute by settlement on September 17, 2019. The settlement agreement was entered by the court that same day. Under the agreement, the Estate agreed to quit claim its interest in the property to Nadene, subject to Nadene's execution of a promissory note and deed of trust in favor of the White Estate representing the amount owed on the 2018 judgment. The promissory note set an interest rate of 6 percent, rather than the 12 percent interest imposed in the judgment. In addition, the court approved the fees and costs that Coster incurred as administrator of the Estate between October 2017 and September 2019—a total of $20,857.88.

Nadene refused to sign the promissory note and deed of trust and moved to vacate the agreed order, arguing that it was illegal. A probate court commissioner denied Nadene's motion to vacate and the trial court denied her motion to revise the commissioner's order. This court affirmed on appeal. *In re Estate of Sammann*, No. 81072-3-I, slip op. (Wash. Ct. App. April 26, 2021) (unpublished).[2] The court held that the agreed order was not procedurally unconscionable and Nadene failed to present any evidence to support her request that the order be vacated. *Id.* at *10. The court rejected the White Estate's request for attorney fees under RAP 18.9. *Id.* at *12. Coster, however, did not ask this court for an award of attorney fees. *Id.* at *13, fn. 10.

After losing the appeal, Nadene continued to refuse to execute the documents necessary to effectuate the settlement agreement. In September 2021, Coster filed two petitions with the probate court, one for the appointment of

---

[2] https://www.courts.wa.gov/opinions/pdf/810723.pdf, noted at 17 Wn. App. 2d 1030, 2021 WL 1700849 (2021).

a commissioner pursuant to CR 70 and chapter 6.28 RCW to execute the promissory note and deed of trust on Nadene's behalf, and another for the entry of an order approving $48,338.48 in fees and costs that Coster had incurred in representing the Estate through August 2021. On October 12, 2021, the probate commissioner granted both petitions and entered an order approving Coster's fees, appointing a commissioner to execute the real property documents Nadene had agreed to execute, giving Nadene 30 days to execute the documents and authorizing the commissioner to do so if she refused, directing distribution of the Estate's assets, and allowing the Estate to be closed when those tasks were completed.

A few weeks later, Nadene filed a motion for revision of the October 12, 2021 order, as well as a motion to continue any hearings until January 10, 2022 on the grounds that the COVID-19 pandemic had impacted her ability to litigate the case. The trial court denied both motions.

After 30 days, the appointed commissioner, Daniel Kellogg, executed the promissory note and deed of trust, and the White Estate moved for court approval of the documents. Because Coster was retiring at the end of 2021, she filed a motion to withdraw and to have the court appoint a successor administrator to replace her. After a January 3, 2022 hearing, the court approved the deed of trust executed by Kellogg, discharged Coster as administrator of the Estate, and appointed the attorney then representing the administrator, Colleen Cook, to replace her.

Nadene filed several motions for reconsideration of the January 3, 2022 orders, all of which were denied. Nadene now appeals the trial court's orders of October 12, 2021 and January 3, 2022, as well as the orders denying revision and reconsideration of those orders.

## ANALYSIS

Nadene's appellate briefs do not comply with RAP 10.3(a). Her arguments and assignments of error are scattered, difficult to discern, and largely unsupported by argument, citations to legal authority, and citations to the record. As best we could perceive, Nadene argues on appeal that:

1) The trial court erred in granting Coster's motions because this court retained jurisdiction over the case, had not issued its mandate before the court granted her motions, and did not authorize the court to take the actions it took.

2) The trial court lacked subject matter jurisdiction over the matter because the creditor's claim against the Estate was legally invalid.

3) The trial court erred in discharging Coster or awarding her fees and costs for services provided in the probate matter because Coster breached her fiduciary duties to the Estate.

4) The trial court erred in finding Coster's fees reasonable.

5) The order appointing a commissioner to execute real estate transfer documents violated Nadene's due process rights and homestead rights under RCW 6.13.010.

6) The trial court erred in finding that the September 17, 2019 order had not been amended, revised, or vacated.

7) The trial court erred in denying Nadene's motion to revise the October 12, 2021 order.

8) The trial court erred in denying Nadene's motion to stay proceedings following the October 12, 2021 order.

9) The trial court erred in approving the commissioner's execution of the deed of trust and promissory note because Nadene somehow rendered these documents "moot" by her execution and recording of a successor trustee's quitclaim deed and declaration of homestead in November 2021.

10) The trial court's appointment of Cook as successor administrator created a conflict of interest.

11) The trial court erred in denying Nadene's motions for reconsideration of the January 3, 2022 orders.

We will address each argument in turn.

Jurisdiction

Nadene's primary argument on appeal challenges the trial court's jurisdiction to enter the October 12, 2021 order on the grounds that (1) this court retained jurisdiction over the probate case because her appeal in case no. 81072-3-I was still pending, and (2) the underlying creditor's claim was invalid as a matter of law. We reject both arguments.

We review de novo whether a trial court has jurisdiction over an issue. *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003). RAP 7.2(c) provides in pertinent part:

> (a) Generally. After review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule, unless the appellate court limits or expands that authority as provided in rule 8.3.
> . . . .
> (c) Enforcement of Trial Court Decision in Civil Cases. In a civil case, except to the extent enforcement of a judgment or decision has been stayed as provided in rules 8.1 or 8.3, the trial court has authority to enforce any decision of the trial court and a party may execute on any judgment of the trial court. Any person may take action premised on the validity of a trial court judgment or decision until enforcement of the judgment or decision is stayed as provided in rules 8.1 or 8.3.
>
> (d) Attorney Fees and Litigation Expenses on Appeal. The trial court has authority to award attorney fees and litigation expenses for an

appeal in a marriage dissolution, a legal separation, a declaration of invalidity proceeding, or an action to modify a decree in any of these proceedings, and in any other action in which applicable law gives the trial court authority to do so.

Nadene argues that because this court had not yet issued a mandate in her appeal in case number 81072-3-I, the trial court lacked the authority to take steps to enforce the September 2019 agreed order by appointing a commissioner to execute documents she was refusing to sign. She further argues that Coster's September 2021 petition for approval of the attorney fees Coster incurred in defending the Estate in Nadene's appeal should have been made to this court, rather than the trial court.

First, RAP 7.2(c) clearly permitted Coster and the White Estate to seek enforcement of the September 2019 order because no court had granted Nadene a stay of this order. It is well established, for example, that the filing of an appeal does not deprive the trial court of authority to enter contempt or sanction orders. *State v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 331, 553 P.2d 442 (1976). Similarly, it is well established that RAP 7.2(c) allows a successor trustee, appointed over a party's objection, to petition the trial court for instructions on managing the trust corpus while the predecessor trustee appeals a ruling that he had abused the trust. *In re Irrevocable Trust of McKean*, 144 Wn. App. 333, 340, 183 P.3d 317 (2008). Because Nadene did not obtain a stay of enforcement pending her appeal, the trial court had jurisdiction over the subsequent enforcement proceedings.

Second, RAP 7.2(d) allowed Coster to ask the trial court to award her attorney fees and costs, including attorney fees she may have incurred in

representing the Estate in Nadene's appeal, as long as there was a statutory basis for doing so.  RAP 18.1(a) also provides that "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before the Court of Appeals . . . the party must request the fees or expenses as provided in this rule, <u>unless a statute specifies that the request is to be directed to the trial court</u>." *(Emphasis added.)  See also City of Lakewood v. Koenig*, 160 Wn. App. 883, 895, 250 P.3d 113 (2011) (under RAP 18.1(a), if a specific statute applies, the request for attorney fees may be requested to the trial court.

Coster relied on two statutes for her requested compensation: RCW 11.96A.150 and RCW 11.48.210.  RCW 11.48.210 provides:

> If testator by will makes provision for the compensation of his or her personal representative, that shall be taken as his or her full compensation unless he or she files in the court a written instrument renouncing all claim for the compensation provided by the will before qualifying as personal representative. <u>The personal representative, when no compensation is provided in the will, or when he or she renounces all claim to the compensation provided in the will, shall be allowed such compensation for his or her services as the court shall deem just and reasonable</u>.

(Emphasis added.)  The statute also provides that "[a]n attorney performing services for the estate at the instance of the [administrator]" shall be compensated for fees if the court deems them "just and reasonable."  Coster, an attorney, performed services as administrator and as counsel to the Estate.

RCW 11.96A.150(1) also provides:

> Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees,

to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

These two statutes allowed Coster to seek attorney fee and cost awards from the trial court.

In her September 2021 petition, Coster asked the court to award her $48,338.48 in attorney fees and costs she incurred in representing the Estate between September 11, 2019, the date of the agreement, to August 30, 2021. The fee request included only $16,380 in attorney fees incurred in reviewing Nadene's appeal, conducting legal research for the appeal, and drafting an appellate brief on behalf of the Estate. The majority of the attorney fees she sought related to having to respond to Nadene's various motions in the trial court, as well as drafting the petition to enforce the September 17, 2019 order when Nadene refused to abide by its terms. The trial court did not abuse its discretion in awarding Coster her requested attorney fees and costs that were unrelated to Nadene's appeal as those fees would not have been properly included in any RAP 18.1 request.[3]

Coster chose not to seek an award of attorney fees from this court but to file a single request for all of her fees and costs from the probate court. We can identify no error in this choice. Nadene has provided us with no authority supporting her argument that an award of attorney fees for a successful appeal

---

[3] Nadene also argues that the trial court erred in granting Coster's petition for fees because there was no provision in the September 17, 2019 agreement providing for an award of fees. But Coster was entitled to fees and costs under RCW 11.96A.150 and RCW 11.48.210. The lack of a provision relating to attorney fees in the September 2019 agreement order does not invalidate Coster's entitlement to statutory fees as administrator of the Estate.

cannot be made under RCW 11.96A.150 or RCW 11.48.210. Where a party fails to cite authority to support a proposition, this court may assume that the party has found none. *State v. Loos*, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) (citing *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017)).

Nadene also argues that the trial court lacked jurisdiction over "the subject matter of this Estate" because the creditor's claim underlying this litigation was invalid as a matter of law. Although listed in her assignments of error, Nadene devotes no argument to explain why an allegedly invalid creditor's claim—previously adjudicated to be valid under cause number 17-2-23380-3 SEA—would somehow divest the trial court of its broad subject matter jurisdiction under article IV, section 6 of our state constitution. We will not consider claims unsupported by citation to authority, references to the record, or meaningful analysis and will deem such claims waived. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, we decline to address this assignment of error under RAP 10.3(a)(6).

### Discharge of Coster as Administrator

Nadene next contends that the trial court erred in discharging Coster as administrator of the Estate on the eve of her retirement. Because Coster affirmatively resigned as administrator when her law firm closed, the court did not abuse its discretion in discharging her from any further responsibilities as administrator of the Estate.

When Coster initially filed her petition seeking discharge, she simultaneously sought orders approving her final accounting, approving a

stipulated judgment quieting title to the real property pursuant to the September 17, 2019 order, and approving her requested fees and costs. She informed the trial court that she was retiring from the practice of law in December 2021 and if the court did not close the Estate by December 1, 2021, she asked the court to allow her to resign as administrator and to appoint a successor to complete whatever tasks were needed to close the Estate. Coster informed the court that once the real property interest was transferred to Nadene, the Estate was ready to close.

The court approved the requested discharge as follows:

Upon compliance with this order and filing of Receipts demonstrating that (a) the Administrator's execution of the Stipulated Judgment Quieting Title and any additional documents necessary to transfer all interest of the above captioned estate in the subject real property to Nadene Sammann individually, (b) the payment of the Administrator's fees and costs, (c) the payment of the Administrator's final fees and costs, and (d) the filing of a Declaration of Completion of Probate; the Court shall enter an order discharging the Administrator w/w/a upon Petition submitted to Ex Parte via the Clerk. No notice of filing of this Petition or presentation of the Order is required.

It further ordered that if the individual Coster identified to serve as successor administrator was unwilling to be appointed to serve in that role, then Coster "shall be authorized to retain counsel, effective December 1, 2021, to represent her in this matter at the expense of the estate, which will be paid from the distributive share of the Pierce County Estate of Robert White."

On December 20, 2021, Coster again filed a petition to resign and requested that the court appoint a successor administrator. In this petition, Coster informed the court that her office was closing as of December 31, 2021 and that she and her law partner would be closing the practice of law on January 1, 2022,

- 11 -

with their malpractice insurance expiring on December 22, 2021. Coster represented that she was unable to continue acting as administrator because "I will not have an office, I will not be in the State of Washington for most of next year, and I will not be licensed to practice law." She affirmatively stated that she was "unwilling to continue acting as administrator" and asked that a successor administrator be appointed. On December 28, 2021, attorney Colleen Cook appeared as attorney for Coster, in her capacity as personal representative.

On January 3, 2022, the court granted Coster's request to resign and discharged her as administrator of the Estate. The court appointed Cook to step in as successor administrator. At the same hearing, the court approved the deed of trust executed by Commissioner Kellogg.

Nadene first argues that the trial court erred in discharging Coster because, she contends, Coster breached her fiduciary duty to the Estate by approving the White Estate's allegedly "invalid" creditor's claim. Nadene appears to contend that the White Estate's creditor claim was invalid because Armstrong failed to list her address on the claim. But the creditor claim in the record before us clearly listed "the name and address of the claimant" as "Estate of Robert White, Anna Armstrong, personal representative, c/o Bart Adams, PO Box 64810, University Place, WA 98464." Nadene fails to explain how this disclosure of the name and address of the claimant was inadequate under RCW 11.40.070(1)(a). Indeed, Nadene provides no citations to either the record or authority to support her argument that the creditor's claim was invalid and therefore this claim does not

meet the requirements of RAP 10.3(a)(6). There is no evidence before us that would support such a conclusion.

Moreover, Nadene litigated the validity of this creditor's claim in the White Estate's TEDRA action, cause number 17-2-23380-3 SEA, which resulted in a February 2018 monetary judgment against the Estate in the amount of $160,839.79. Nadene did not appeal that order and provides no argument explaining why we should entertain a collateral attack on a final judgment of a court in another case. We therefore reject any argument that the trial court abused its discretion in discharging Coster based on Nadene's unsupported allegation that Coster approved an invalid creditor's claim.

<u>Reasonableness of Coster's Fees and Costs</u>

Nadene assigns error to the trial court's acceptance of Coster's fees as reasonable. We review the trial court's award of fees under both RCW 11.96A.150 and RCW 11.48.210 for abuse of discretion. *In re Estate of Black*, 153 Wn.2d 152, 173, 102 P.3d 796 (2004); *In re Estate of Novolich*, 7 Wn. App. 495, 503, 500 P.2d 1297 (1972).

Nadene devotes no argument in her brief to explain why the amount of fees Coster requested was unreasonable. Coster's petition comprehensively described the basis for her fee request and the services she provided the Estate between September 2019 and August 2021, specifically noting that most of the fees she incurred directly resulted from Nadene's appeals of the September 2019 agreed order. Coster supported her petition with an itemized accounting of all services

and fees incurred during that period.  We can identify no abuse of discretion in the trial court's approval of Coster's fee and cost request.

<u>Order Authorizing Execution of the Deed of Trust and Promissory Note</u>

1.      Due process and homestead rights argument

Nadene challenges the order authorizing the execution of the deed of trust and promissory note, arguing that the trial court's appointment of a commissioner for the purpose of executing these documents violated her due process rights under the 14th Amendment to the U.S. Constitution and her homestead rights under RCW 6.13.010 and RCW 6.13.080(2).

Nadene first contends that Coster violated her due process rights by failing to provide her notice of her "quiet title action."  We assume Nadene is referring to Coster's August 2019 petition in which she sought court authorization to execute a quitclaim deed transferring the Estate's interest in the property to Nadene to clear the title to that property.  But Nadene fails to demonstrate that she raised lack of service at any point below.  In the agreed September 17, 2019 order, the trial court found that proper notice of Coster's petition had been provided to the parties and Nadene signed that order.

Nadene alternatively contends that the deed of trust and promissory note were "forced" on her.  We reject this argument because this court addressed and rejected it in Nadene's first appeal.  This court stated:

> All parties appeared for a hearing on September 17, 2019 in front of a superior court commissioner.  Prior to the hearing, the parties attempted to negotiate an agreement to resolve the various contested issues.  Although the exact details of this negotiation are disputed, the record indicates that the parties reached an agreement as to the entry of a proposed agreed order.  However, Nadene

- 14 -

claimed that she wanted to consult with an attorney before signing the order. For their part, Coster and Armstrong did not want to further delay the proceedings. As a compromise, the parties agreed to include a provision that would provide Nadene a 30-day period to consult with an independent attorney about the order at her discretion and petition the commissioner to review the terms of the order.

2021 WL 1700849 at *5. We noted that the commissioner took Nadene through the terms of the order and the parties agreed to modify it to give Nadene 11 months to satisfy the obligations in the order. *Id.* We further noted that Nadene filed a petition to vacate the order, claiming fraudulent inducement, unconscionability, violations of public policy, lack of consideration, breach of fiduciary duty, and violations of the Consumer Protection Act, chapter 19.86 RCW. *Id.* at *6. The trial court rejected each of these arguments, as we did on appeal. *Id.* at *5. We concluded in that appeal, as we do here, that "many of Nadene's allegations rest on highly argumentative accounts of actions that took place during the prior history of litigation in related guardianship and probate proceedings, as well as conclusory assertions about the intent of the parties, attorneys, and judicial officers. She has not provided relevant citations to support the majority of her assertions." *Id.* at *11.

To the extent Nadene now contends that the September 17, 2019 order somehow violates her due process or homestead rights, those claims could have been litigated or were actually litigated in her earlier appeal.

2.    Challenge to finding that the September 17, 2019 order had not been amended

Nadene assigns error to the trial court's October 12, 2021 finding that the September 17, 2019 order had not been amended, revised, or vacated and

- 15 -

remained in full effect.  She offers no argument and no citations to authority or the record in support of this assignment of error and therefore we deem it waived under RAP 10.3(a)(6).

       3.     Challenge to order denying motion to revise or to continue

Nadene also assigns error to the trial court's orders denying her motion to revise the October 12, 2021 order and her motion to continue the proceedings due to the COVID-19 pandemic.

We review the denial of a motion for a continuance for abuse of discretion. *Keck v. Collins*, 181 Wn. App. 67, 82, 325 P.3d 306 (2014).  For a ruling on a motion for revision, the superior court reviews de novo the commissioner's decisions based on the evidence and issues before the commissioner.  *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999).  On appeal, this court reviews the superior court's ruling, not the commissioner's ruling, but we view an order denying revision to be an adoption of the commissioner's decision. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

Nadene devotes three sentences of argument to this assignment of error, claiming that "[t]he COVID-19 pandemic is still with us. I was infected with COVID-19, and I could not, for health reasons, behave in a cavalier and irresponsible manner.  Judge Cahan's arbitrary denial of my Request for Relief, was derogatory of health requirements, and short-sighted."  She does not explain how the trial court erred in denying her motion for revision and we deem that claim waived under RAP 10.3(a)(6).

Nor does Nadene cite to any authority to establish that the denial of her motion for a continuance was an abuse of discretion. Nadene filed her request for a continuance on October 25, 2021, on the basis that the COVID-19 pandemic impacted her ability to obtain an attorney, to conduct legal research, and to file her legal documents. The trial court concluded that Nadene's request was not reasonable because Nadene had proved capable of participating in the proceedings without issue since the pandemic began in March 2020. It seems clear from the court's order that it deemed Nadene's motion to be a disingenuous attempt to delay proceedings. Its denial of Nadene's motion for a continuance was not an abuse of discretion.

4.    Mootness

Nadene finally challenges the promissory note and deed of trust on the basis that, prior to the court's January 3, 2022 order approving these documents, she cleared title by recording a declaration of homestead and a successor trustee's quitclaim deed, rendering the January 3, 2022 order moot and vitiating the consideration she received for the September 17, 2019 agreed order.

Not only does Nadene fail to cite any authority for the argument that she can retroactively eliminate consideration for the agreed order by recording a successor trustee's quitclaim deed, but she overlooks the fact that she did not execute the deed until December 1, 2021, well after the October 12, 2021 order enforcing the 2019 agreement and Commissioner Kellogg's subsequent execution of the deed of trust on Nadene's behalf on November 17, 2021. Nadene's

- 17 -

execution of the successor trustee's quitclaim deed thus had no effect because the trial court had already quieted title to the property to Nadene.

## Appointment of Successor Administrator

Nadene assigns error to the trial court's appointment of Colleen Cook as successor administrator of the Estate on the basis that her appearance as Coster's attorney at the January 3, 2022 hearing created a conflict of interest. Nadene cites no authority to support her argument and fails to explain why the connection between Coster and Cook creates a conflict of interest. We assume Nadene's argument is premised on the assumption that Coster had breached her fiduciary duties to the Estate and therefore Cook would be likely to act in her client's best interests in light of those breaches at the expense of the Estate. But Nadene failed to establish any breach of fiduciary duties and we therefore reject her conflict of interest claim.

## Motions for Reconsideration

Finally, Nadene assigns error to the trial court's denial of her multiple motions for reconsideration of the January 3, 2022 order. We review the denial of a motion for reconsideration for abuse of discretion. *Kohfeld v. United Pac. Ins. Co.*, 85 Wn. App. 34, 40, 931 P.2d. 911 (1997).

Nadene does not devote any further argument explaining why the trial court abused its discretion in denying her motions for reconsideration in addition to the previously addressed arguments attacking the January 3, 2022 order itself. Because we see no error in the court's order approving the deed of trust and

- 18 -

discharging Coster, we also affirm the denial of Nadene's motions for reconsideration.

Fee Requests

Despite appearing pro se, Nadene requests an award of attorney fees under multiple authorities. Because she has failed to raise any legitimate issues on appeal, we deny her request.

The Estates of Robert White and Marguerite Sammann also request an award of fees under RAP 18.9(a) on the grounds that Nadene's appeal was frivolous. "[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). None of Nadene's assignments of error have any cognizable basis in fact or law. Her appeal is totally devoid of merit. We therefore deem it to be frivolous and award fees to the White Estate and the Sammann Estate, conditioned on their compliance with RAP 18.1.

Affirmed.

Andrus, C.J.

WE CONCUR:

Chung, J.

Coburn, J.