# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| SCOTT T. COLLINS, IN HIS INDIVIDUAL CAPACITY, | NO. 58509-0-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CHIEF BRIAN SMITH, CARLA JACOBI, NATHAN WEST AND KARI MARTINEZ-BAILEY, IN THEIR INDIVIDUAL CAPACITIES, | |
| Respondents. | |

CHE, J. — Collins appeals a summary judgment order dismissing his Public Records Act (PRA), ch. 42.56, claim against the City of Port Angeles (City) and various employees (collectively, the defendants).

The defendants filtered Collins' e-mails to city employees to an e-mail inbox monitored by the public records officer and instructed Collins to submit PRA requests by calling a specific number, using the City's PRA portal, or sending them to a specific e-mail address. Collins filed a lawsuit, alleging that such conduct violated the PRA. The defendants moved to dismiss the lawsuit under CR 12 based on claim preclusion, the statute of limitations, and for failure to state a cause of action under the PRA and the state constitution. The trial court converted the motion into a summary judgment motion, which it then granted.

Collins argues the trial court erred by granting summary judgment. He reasons that there was a genuine issue of material fact about whether the defendants improperly distinguished

Collins from other PRA requesters by restricting the manner in which he could file PRA requests and by filtering his e-mails to City employees to the PRA officer.

We affirm. We hold that, viewing the evidence in the light most favorable to Collins, there was no genuine issue of material fact regarding whether the defendants violated RCW 42.56.080(2). Thus, the defendants were entitled to summary judgment. Finally, we deny Collins' cost request.

FACTS

Collins has filed numerous PRA requests—approximately 150 according to the defendants—with the City since February 2019.

On November 7, 2019, the city manager, Nathan West, ordered the information technology department to filter all e-mails from Collins to city employees to an e-mail account monitored by both the public records officer, Kari Martinez-Bailey, and the City's legal department.[1] The same day, Martinez-Bailey sent a letter to Collins instructing him to submit PRA requests by calling a specific phone number, by using the City's PRA portal, or by sending a request to a specific e-mail address.

The letter explained that Collins' behavior towards City staff was regularly inappropriate, so the City was assigning him a single point of contact for all of his requests. The letter instructed, "Do not contact City staff except as arranged through the assigned contacts." Clerk's Papers (CP) at 271. Collins sent notices to the City to cease and desist this practice. In response, the city attorney sent Collins a letter "re-direct[ing] [Collins'] attention to the letter . . . dated

---

[1] When e-mails were received, the PRA officer would convey the PRA requests to the appropriate recipients. Around October 2020, the City changed the filter to allow Collins' e-mails addressed to city council to be sent directly to the city council members.

November 7." CP at 125. This subsequent letter did not contain language ordering Collins to comply with the November 7 letter; rather, the letter appeared to be largely an attempt to communicate to Collins that he could have ameliorated his communication frustrations by using the contact information the City provided. The letter also suggests that the City will continuing using its e-mail filter for Collins' requests.

The following year, Collins sued West and Bailey-Martinez in federal district court, arguing that they had violated his free speech and due process rights under the Washington Constitution and the First Amendment. The complaint referenced and discussed the PRA, but did not appear to state a cause of action based upon the PRA. The district court dismissed the case for failure to state a claim, engaging in a First Amendment analysis.

Collins then brought the present action in Clallam County Superior Court.[2] Collins moved to amend his complaint. The defendants moved to dismiss the lawsuit under CR 12 arguing that the present claims in the complaint and the proposed amended complaint fail based on claim preclusion, failure to state a cause of action under the PRA and the state constitution, and the statute of limitations.

The trial court granted Collins leave to amend his complaint. The amended complaint alleged the following causes of actions: (1) violations of Article I, Sections 3, 4, and 5 of the Washington Constitution, (2) violations of the PRA—by routing all e-mails from Collins' e-mail addresses to the public records officer and by not allowing in-person PRA requests, (3) a violation of Port Angeles Municipal Code 2.64.030, (4) a violation of the Washington State

---

[2] The defendants moved to remove the matter to federal court. The federal district court remanded the matter to superior court based on an amended complaint Collins filed.

Open Public Meetings Act of 1971 (OPMA), ch. 42.30 RCW, and (5) violations of various RCWs based on the defendants exceeding their statutory authority by implementing the e-mail filter. Collins sought an order directing the removal of the e-mail filter as a form of relief in the amended complaint.

Ultimately, the trial court converted the defendants' motion to dismiss into a summary judgment motion and ruled for the defendants.

Collins appeals the grant of summary judgment for the defendants.

ANALYSIS

## I. UNDEVELOPED ASSIGNMENTS OF ERROR

As a preliminary matter, Collins assigns error to the summary judgment order based on several state constitutional provisions, various sections of the PRA, the OPMA, various statutes pertaining to the authority of City employees, and various rules of evidence. Br. of Appellant at 7-8.

"[A]n appellant is deemed to have waived any issues that are not raised as assignments of error and argued by brief." *State v. Sims*, 171 Wn.2d 436, 441, 256 P.3d 285 (2011); RAP 10.3(a)(4), (g).

In Collins' appellate brief, despite assigning error to several issues based on state constitutional provisions, the OPMA, statutes, rules of evidence, and the PRA, Collins provides argument pertaining only to the PRA. Thus, his other assignments of error are waived. Arguments for some of Collins' assignments of error were made for the first time in the reply brief. But "because [these] argument[s] [were] not made in the opening brief, we do not consider [them]." *State v. Mohamed*, 195 Wn. App. 161, 168, 380 P.3d 603 (2016).

## II. PRA

Collins argues that the trial court erred in granting summary judgment against him because there was a genuine issue of material fact about whether the defendants improperly distinguished Collins from other PRA requesters by restricting the manner in which he could file PRA requests and by filtering his e-mails to City employees to the PRA officer.[3] Br. of Appellant at 12. Thus, he asserts that there was a genuine dispute of material fact about whether the defendants violated the PRA.

The defendants argue that Collins did not make a cognizable PRA claim. Br. of Resp't at 23. The defendants also argue that even if Collins made a cognizable PRA claim, the PRA's statute of limitations bars Collins' lawsuit. Br. of Resp't at 25. We conclude that, even assuming Collins made a cognizable PRA claim that is not barred by the statute of limitations, Collins' argument fails because there is no genuine dispute about whether the defendants violated the PRA.

We review de novo challenged agency actions under the PRA. RCW 42.56.550(3); *Associated Press v. Wash. State Legis.*, 194 Wn.2d 915, 920, 454 P.3d 93 (2019). "The PRA is 'a strongly worded mandate for broad disclosure of public records.'" *Associated Press*, 194

---

[3] Collins' briefing contains allegations that lack either coherent argument or citation to legal authority. For instance, Collins repeats that the defendants altered his PRA requests and that certain exhibits were inadmissible and fraudulent. Br. of Appellant 14. Collins provides no legal authority and analysis to support these assertions. Our rules require "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). And when claims are unsupported by cogent argument, we may decline to reach those claims. *State v. Moses*, 193 Wn. App. 341, 357 n.10, 372 P.3d 147 (2016). Here, we decline to reach Collins' assertions lacking cogent argument and unsupported by legal authority.

Wn.2d at 920 (internal quotation marks omitted) (quoting *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 408, 259 P.3d 190 (2011)).

RCW 42.56.080(2) provides,

Public records shall be available for inspection and copying, and agencies shall, upon request for identifiable public records, make them promptly available to any person . . . . *Agencies shall not distinguish among persons requesting records*, and such persons shall not be required to provide information as to the purpose for the request except to establish whether inspection and copying would violate RCW 42.56.070(8) or 42.56.240(14), or other statute which exempts or prohibits disclosure of specific information or records to certain persons. . . . *Agencies shall honor requests received in person during an agency's normal office hours, or by mail or email, for identifiable public records unless exempted by provisions of this chapter. No official format is required for making a records request; however, agencies may recommend that requestors submit requests using an agency provided form or web page.*

RCW 42.56.080(2) (emphasis added).

We have previously held, "To violate RCW 42.56.080, then, the agency must use the requester's identity to deny access to records." *City of Lakewood v. Koenig*, 160 Wn. App. 883, 891, 250 P.3d 113 (2011) (dealing with the RCW 42.56.080(2) prohibition on distinguishing among PRA requesters). The prohibition on distinguishing among PRA requesters is meant to prevent agencies from denying PRA requests based on the requester's identity or purpose. *See SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 405, 377 P.3d 214 (2016); *Koenig*, 160 Wn. App. at 891. We have also previously held that a requester need not "submit their request to a designated PRA coordinator." *O'Dea v. City of Tacoma*, 19 Wn. App. 2d 67, 80, 493 P.3d 1245 (2021).

Here, the City sent a letter to Collins "assigning" him specific contact information for all PRA requests and telling him not to contact any other City Staff regarding the requests except as

the City arranged. CP at 271. The City concluded its letter with the sentiment that it wished to offer Collins "the most efficient customer service." CP at 271.

Later that month, after Collins appeared not to use the assigned contact information, the city attorney sent Collins a letter recommending he follow the communication instructions from the prior letter. There is no language in the subsequent letter mandating that Collins use the contact information referenced in the November 7 letter, nor did the City threaten to not fulfill the requests unless he used their recommended method. The thrust of the subsequent letter appears to be that the City believes if Collins uses the recommended contact information, it will ameliorate Collins' future communication frustrations. The letters do not indicate that the City would not consider a PRA request if Collins did not utilize the recommended communication channels.

Even viewing the evidence in the light most favorable to Collins, the letters do not show that the City actually restricted the manner in which Collins could file a PRA request. The letters address, among other things, the "disrespectful" interactions with City staff and also advisory information on how to contact the City generally given the relationship between Collins and the City. This includes how to contact the City if Collins wants to speak with a specific City employee, even if the matter was unrelated to a PRA request. To the extent the November 7 letter could be interpreted as an order to use only the listed contact information, it still would not create a genuine issue of material fact because the City did not state that it would deny Collins access to the records if he sought the records through other means.

Because there is no evidence that the City used Collins' identity to deny him access to records, we conclude there is no genuine material issue of fact about whether the City violated

the prohibition on distinguishing between requesters. And more generally, RCW 42.56.080(2) does not appear to regulate how an agency must internally process PRA requests—so the e-mail filtering decision is not implicated by this prohibition. While it is true that the requester cannot be required to submit their request to only a designated PRA coordinator, that does not mean that an agency cannot internally direct requests to the designated PRA coordinator. And the City's provision of a recommended e-mail address, telephone number, and portal to submit PRA request is permissible under the plain language in RCW 42.56.080(2).

Viewing the evidence in the light most favorable to Collins, we hold that there is no genuine issue of material fact regarding whether the defendants violated RCW 42.56.080(2). The defendants were entitled to summary judgment. Because we affirm, we need not address the defendants' arguments regarding other grounds for affirming, including claim preclusion, the cognizable types of PRA actions, and the statute of limitations. *Matter of Gilbert Miller Testamentary Credit Shelter Tr. & Estate of Miller*, 13 Wn. App. 2d 99, 107, 462 P.3d 878 (2020).

### III. COSTS

Collins requests costs, reimbursement for noneconomic damages and inconvenience, as well as remand for the trial court to impose penalties. We deny his request.

We may award attorney fees or expenses on appeal if applicable law grants the party such a right. RAP 18.1(a). "The party must devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b). The requirement set out in RAP 18.1(b) is mandatory. *Gardner v. First Heritage Bank*, 175 Wn. App. 650, 677, 303 P.3d 1065 (2013).

Here, Collins is not the prevailing party and he fails to devote a section of his opening brief on this issue as required by RAP 18.1(b). Thus, we deny his request.

CONCLUSION

We affirm the summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, C.J.

Veljacic, J.